**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

KAREN MAYFIELD                      *
                                    *
            Plaintiff               *
                                    *
V.                                  *
                                    *        NO: 4:12CV00305  SWW
NATIONWIDE MUTUAL FIRE              *
INSURANCE COMPANY                   *
                                    *
            Defendant

<u>**ORDER**</u>

Before the Court is Plaintiff's motion (ECF No. 41) seeking voluntary dismissal of her

remaining claim, without prejudice, and Defendant's response in opposition (ECF No. 43).  After

careful consideration, and for reasons that follow, the motion is granted only on the condition

stated in this order.   <u>Plaintiff has until 10:00 a.m. on Thursday, May 9, 2013 to withdraw her</u>

<u>motion to dismiss, in which case this order will be vacated, the case reinstated, and trial will</u>

<u>proceed on May 13, 2013.</u>

By order entered April 25, 2013, the Court granted partial summary judgment in

Defendant's favor in this insurance coverage dispute and dismissed with prejudice Plaintiff's bad

faith claim and her claim for damages related to other-structures coverage.  With those claims

resolved, the only issue remaining for trial is Plaintiff's claim related to residential dwelling

coverage.  By separate order, the Court denied Plaintiff's motion requesting a continuance of the

trial date, scheduled for May 13, 2013.  In that order, the Court made clear that Plaintiff's

substitution of counsel does not warrant reopening discovery or continuing the trial date in this

case.

In support of her motion for voluntary dismissal, Plaintiff again notes that she has

retained new counsel, and she restates that "[a] cursory review of the files strongly indicates that Plaintiff cannot present evidence sufficient to prevail in this case under the current state of evidence."  ECF No. 41.  Plaintiff further states:

> Absent in Plaintiff's Complaint is a claim under Ark. Code Ann. § 22-79-208 [*sic*] . . . for failure to pay a loss when claimed.  Plaintiff will be prejudiced if she is not allowed to bring this statutory cause of action. Plaintiff's intent . . is to simply dismiss her case without prejudice and re-file in district court for the purpose of pursing an additional cause of action and presenting evidence which will give Plaintiff a fair trial.

ECF No. 41, ¶¶ 4-5.

Defendant asserts, and the Court agrees, that the complaint is sufficient to request the statutory interest and penalty available under § 23-79-208.[1]  Defendant further asserts that it will suffer undue prejudice if the Court permits Plaintiff to dismiss her remaining claim at this late hour.

Rule 41(a)(2) guards against voluntary dismissals that result in prejudice to defendants, and a trial court should not deny a plaintiff's 41(a)(2) motion merely because the defendant may face defending another action brought by the plaintiff.  *See Kern v. TXO Production Corp.*, 738 F.2d 968, 970 (8th Cir. 1984).  The Eighth Circuit has held that a trial court abuses its discretion in granting a motion for voluntary dismissal when "a defendant has already won its case [and]

---

[1]Arkansas Code § 23-79-208 provides in relevant part as follows:

> In all cases where loss occurs and the . . . property . . . insurance company . . . liable therefor shall fail to pay the losses within the time specified in the policy after demand is made, the person, firm, corporation, or association shall be liable to pay the holder of the policy or his or her assigns, in addition to the amount of the loss, twelve percent (12%) damages upon the amount of the loss, together with all reasonable attorney's fees for the prosecution and collection of the loss.

Ark. Code Ann. § 23-79-208(a)(1).

reimbursement of fees and expenses cannot make it whole from the injury of being sued again."

*Kern*, 738 F.2d at 970.   But for reasons stated in the summary judgment order, issues remain for

trial, and Defendant has not "already won its case."

      In most cases, a trial court can alleviate the defendant's hardship by requiring that before

the plaintiff may re-file the action, the plaintiff must pay the defendant's costs incurred in the

first litigation.[2]   The Court finds that voluntary dismissal without prejudice is proper in this case,

provided that if this matter is re-filed, Plaintiff shall reimburse Defendant for any *duplicative*

expenses–that is, any expense that will be incurred *twice* as a result of the case being re-filed.

      IT IS THEREFORE ORDERED that Plaintiff's motion for voluntary dismissal without

prejudice (ECF No. 41) is GRANTED.  Plaintiff's remaining claim is hereby DISMISSED

WITHOUT PREJUDICE, conditioned upon Plaintiff's payment of duplicative costs, if any, in

the event this case is re-filed.

      <u>IT IS FURTHER ORDERED that Plaintiff has until 10:00 a.m. on Thursday, May 9,</u>

<u>2013 to withdraw her motion to dismiss, in which case this order will be vacated, the case</u>

<u>reinstated, and trial will proceed on May 13, 2013.</u>

      IT IS SO ORDERED THIS 7th  DAY OF MAY,  2012.


                   <u>/s/Susan Webber Wright</u>
                   UNITED STATES DISTRICT JUDGE

---

[2]Fed. R. Civ. P. 41(d) states: "If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order."